UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARION MANSFIELD,

    Plaintiff,                              CIVIL ACTION NO. 05-CV-72167-DT

   v.

                                             DISTRICT JUDGE MARIANNE O. BATTANI
                                             MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past work as a telephone clerk.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on December 13, 2002, alleging that she had been disabled and unable to work since May 6, 2002, at age 58, due to carpal tunnel syndrom and severe back, neck and right shoulder pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on October 7, 2004, before Administrative Law Judge (ALJ) Douglas Jones. The ALJ recognized that claimant's shoulder pain and carpal tunnel syndrome prevented her from working at jobs requiring

repetitive hand motions, forceful grasping of objects and lifting above shoulder level. He further determined that Plaintiff could not manually handle cold objects or be exposed to cold temperatures. Nevertheless, the Law Judge found that the claimant could return to her past light work as a telephone clerk, since it did not require the performance of work related activities precluded by her residual functional capacity. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

    Plaintiff was 60 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed by General Motors as an assembler, process auditor and telephone clerk during the relevant past (TR 69, 333-334). Plaintiff's telephone job, which lasted approximately 14 months, required her to call automobile dealerships throughout the country and gather information on warranty repairs performed at the request of General Motors (TR 344). The job was sedentary in nature[1], and required her to send typed reports containing the information to the automotive engineering

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met 20 C.F.R. § 404.1567(a) (2005).

department (TR 72). Claimant stopped working in May 2002, due to shoulder pain and severe wrist/hand weakness[2] (TR 334).

Claimant testified that she was disabled as a result of hand, shoulder and neck pain (TR 341, 344). She explained that repetitive hand movements aggravated her symptoms (TR 346-347). The claimant doubted that she could lift more than a half gallon of milk, but she had no trouble sitting for prolonged periods of time in a chair that was the correct height (TR 341-342). As a result of chronic joint pain, the claimant said that she was not able to do any household chores, grocery shop or drive an automobile on a regular basis (TR 336, 340). Pain medications provided only temporary relief (TR 339), and she needed to rest several times a day to help alleviate her pain symptoms (TR 341). She avoided opening jars and reaching overhead (TR 343). She was unable to do any pushing or pulling (TR 342).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as sedentary to light, unskilled activity (TR 103). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 353-354). If she were capable of light work, however, she could return to her past work as a telephone clerk and process auditor. Neither job required climbing stairs, using power tools or exposure to very cold objects. The VE added that Plaintiff could perform the duties of a telephone clerk even if

---

[2]At the time of the hearing, Plaintiff was receiving nearly $2,300 a month in workers' compensation benefits (TR 335).

[3]The witness testified that claimant's alleged inability to use her hands for gross or fine manipulation would preclude all work activity (TR 353).

she was unable to reach overhead, perform repetitive wrist movements or grip objects forcefully (TR 352).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of bilateral carpal tunnel syndrome and degenerative disc disease of the cervical and lumbar spine, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's shoulder pain and carpal tunnel syndrome prevented her from working at jobs requiring repetitive hand motions, forceful grasping of objects and lifting above shoulder level. He further determined that Plaintiff could not handle cold objects or be exposed to cold temperatures. The Law Judge found that the claimant could return to her past light work as a telephone clerk, since it did not require the performance of work related activities precluded by her residual functional capacity.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide

questions of credibility.  See <u>Brainard v. Secretary</u>, 889 F.2d 679, 681 (6th Cir. 1989); <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  <u>Kirk</u>, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing her former job duties as a telephone clerk. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity to return to her past work as a telephone clerk because the objective clinical evidence of record did not confirm the disabling nature of her joint pain.

<u>DISCUSSION AND ANALYSIS</u>

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  <u>Sizemore v. Secretary</u>, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. <u>Hurst v. Secretary</u>, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective

5

evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003 (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work with no overhead reaching and no repetitive hand movements. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of disabling shoulder/neck pain and hand numbness.

None of the examining physicians of record concluded that the claimant was totally disabled. Plaintiff's treating physician, Dr. Arno Weiss, indicated in February 2003, that the claimant was making slow, steady progress five months after undergoing right shoulder and carpal tunnel release surgery. The doctor speculated, however, that Plaintiff would never be able to perform high speed, repetitive type work (TR 198).

A consultative evaluation by Dr. Joseph Craig on March 26, 2003, noted that Plaintiff was able to walk with a normal gait, and could squat and recover without difficulty (TR 212). Dr. Craig stated that the claimant possessed normal fine and gross manual dexterity skills. She could open a jar, button clothing, write legibly, pick up a coin and tie shoelaces (TR 212). Hand strength was measured to be 4/5 bilaterally, and there was only minimal tenderness upon palpation of the cervical spine (TR 212).

Dr. Pervez Yusaf, another treating physician, reported in March 2003, that Plaintiff had shown remarkable improvement since the operations in terms of pain and range of shoulder movement (TR 235). Two months later, Dr. Yusaf stated that the claimant was

doing very well. She reportedly had a full range of arm motion, and was able to accomplish "everything she wanted to do" (TR 234). In a residual functional capacity evaluation completed in July 2004, Dr. Yusaf opined that Plaintiff could lift upwards of 20 pounds on a regular basis, and could perform fine hand manipulation at waist level. The treating physician cautioned, however, that the claimant should avoid heavy pushing, pulling, or continuous lifting motion (TR 246).

The assessment that Plaintiff was not disabled, and could return to work with restrictions, was shared by Dr. Weiss. The treating physician stated that the claimant should not work at jobs requiring repetitive hand movements, frequent lifting of more than two pounds and the use of vibratory hand tools. Dr. Weiss added that Plaintiff should also avoid doing any kind of pinching, pulling, pushing, twisting, gripping or grasping[4] (TR 245). An occupational therapist, who evaluated claimant's abilities after two days of treatment, reported in September 2004, that Plaintiff could not lift more than 25 pounds. The therapist also suggested that she avoid stair climbing, repetitive grasping, forceful hand activity and overhead reaching (TR 251).

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the

---

[4]Contrary to Plaintiff's assertion, the ALJ's residual functional capacity determination was consistent with the opinions of physicians other than Dr. Weiss. The treating doctor's restriction, that Plaintiff was limited to lifting just one to two pounds, was contradicted by the opinions of Dr. Yusaf (TR 246), the state agency physician (TR 224-231) and the occupational therapist (TR 251). Dr. Weiss' opinion that the claimant could not use her hands to pinch was contradicted by Dr. Craig's observation that she could button clothing, write legibly and pick up a coin (TR 212).

7

claimant could perform a restricted range of light work[5] (TR 224-231). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain and hand numbness were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require ladder climbing, power tools, or exposure to very cold objects and temperatures. She was also found to be unable to reach overhead, and unable to perform any repetitive wrist movements, gripping, grasping, squeezing, pushing or pulling with either hand.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

---

[5]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(i) (2005).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. <u>Orick v. Sullivan</u>, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former <u>type</u> of work even if she cannot return to the actual job held in the past. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work. Since substantial evidence existed on the record that Plaintiff could perform her past relevant work as a telephone clerk, she was not disabled withing the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: December 30, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 30, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 30, 2005. **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217